**Dated: January 24, 2019**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

**Buffington, Jeffery L.**  Case No. 17-81058-TRC
**Buffington, Kathleen R.,**  Chapter 7

      **Debtors.**

### ORDER DENYING MOTION FOR TURNOVER

Before the Court is Creditor VFS US LLC's Motion for Turnover of Collateral (Docket Entry 112), Debtor Jeffery L. Buffington's response in objection (Docket Entry 115), and VFS' Reply (Docket Entry 116). After hearing arguments and reviewing the file, this Court finds that it must deny the motion because it no longer has jurisdiction over the collateral.

VFS seeks an order from this Court directing Debtors, specifically Jeffery Buffington, to turn over a 2014 Volvo Truck Tractor, Model VNL 64T 300, VIN 4V4NC9EH9EN163244, that it claims is security for indebtedness of Jeffery Buffington to VFS. VFS states that it previously

obtained relief from the stay regarding this 2014 Volvo Truck, but Buffington refuses to turn over possession.  Buffington argues that he has made payments to VFS and is not in default.  During a telephonic hearing held December 9, 2018, attended by Counsel for Creditor VFS and Debtor Jeffery Buffington, the Chapter 7 Trustee, Charles Greenough, stated that he had been directed to abandon any interest he had in the 2014 Volvo Truck and thus it was not property of the bankruptcy estate.

The Trustee is correct. On November 6, 2017, VFS filed an Amended Motion for Relief from the Automatic Stay and Abandonment regarding the 2014 Volvo Truck Tractor, Model VNL 64T 300, VIN 4V4NC9EH9EN163244 (Docket Entry 27) pursuant to 11 U.S.C. §§ 362 and 554(b).  After proper service and notice, no objections were filed.  On November 21, 2017, this Court entered the Order granting VFS' motion, granting relief from the automatic stay and directing the Trustee to abandon any interest in the 2014 Volvo Truck (Docket Entry 39).

Bankruptcy courts are courts of limited jurisdiction.  While this Court has jurisdiction to order turnover of property, such authority is limited to property of the bankruptcy estate. 28 U.S.C. § 157(b)(2)(E).  Once property is abandoned, it is no longer property of the estate and the bankruptcy court's jurisdiction lapses.  *See Samson Resources Co. v. Valero Marketing & Supply Co.,* 449 B.R. 120 (D.N.M. 2011) (citing *In re Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir. 1987)).  Abandonment constitutes a divesture of the estate's interests in the identified property.  5 Collier on Bankruptcy ¶ 554.02[3] (16th ed. 2018).  Property abandoned pursuant to §554 reverts to the debtor and debtor's rights are treated as if the bankruptcy was not filed.  Normally, property is abandoned to any party with a possessory interest in the property.  *Id.  See also In re Dewsnup,* 908 F.2d 588, 590 (10th Cir. 1990), *aff'd*, 112 S. Ct. 773.  Here, it was alleged that Debtors had possession of the 2014 Volvo Truck at the time of abandonment but may have allowed another

truck driver to use this vehicle. The fact that this property may at one time have been part of the bankruptcy estate does not give this Court the power to exercise any control over it now nor to resolve this dispute.

Since the property is not part of the bankruptcy estate, this Court lacks jurisdiction to enter an order directing the proper disposition of the property. VFS is not left without a remedy. It can pursue its rights in accordance with state law.

IT IS THEREFORE ORDERED that Creditor VFS US LLC's Motion for Turnover of Collateral (Docket Entry 112) is **denied.**

Movant shall provide notice of this Order to all interested parties.

###